**KARIN J. IMMERGUT, OSB #96314**
United States Attorney
District of Oregon
**NEIL J. EVANS, OSB #96551**
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Phone: (503) 727-1053
Email: neil.evans@usdoj.gov
Attorneys for United States of America

FILED'04 SEP 01 14:46USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff | Civil No. CV '04 1230 ST |
| v. | **COMPLAINT FOR SUPPRESSION COSTS** |
| **STEVEN J. BROWN** Defendant | |

The United States of America, appearing by Karin J. Immergut, United States Attorney for the District of Oregon, alleges as follows:

1. Jurisdiction. The United States of America is the plaintiff. This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

2. Venue. All events alleged in this complaint occurred in Union County, Oregon. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

3. Parties.

1. The United States of America. The United States of America is a sovereign acting by and through the Department of Agriculture, United States Forest Service (USFS).

2. Steven J. Brown. Steven J. Brown is a resident of Gresham, Oregon

4. United States Forest Service The United States of America is the owner of certain



waived

lands located in Union County, including Bird Track Campground of the Wallowa-Whitman national Forest, La Grande Ranger District.

5. Bird Track Campground Fire. On September 3, 2001, at the Bird Track Campground, land owned by USFS, the Defendant Steven J. Brown, was smoking cigarettes and discarding them on the ground. One or more cigarettes were not fully extinguished causing the fire. As a result of the fire, approximately 10 acres of USFS managed land were burned.

6. Suppression Costs. As a result of the Bird Track Campground Fire, the United States of America incurred suppression costs in the amount of $ 25,440.67 as more fully set forth in Attachment A.

7. Debt Collection and Billing. On or about March 8, 2002, the United States of America, acting through the USFS, Wallowa Whitman National Forest Financial Manager, and pursuant to the Federal Debt Collection Act, 31 U.S.C. § 3711 et seq., and the regulations promulgated thereunder, 4 C.F.R. part 100, demanded payment in full for the suppression costs incurred by the United States of America in the amount of $25,440.67. The notice was delivered on or before March 15, 2002. More than 90 days have elapsed since the demand was made. The bill has not been paid in full. The United States of America is entitled to suppression costs, interest on the amount of suppression costs, administrative costs, and a penalty of 6% per year on the principal amount 90 days or more overdue calculated from March 8, 2002.

**COUNT 1**

**(Common Law Negligence)**

8. The United States of America realleges paragraphs 1 through 7.

9. Steven J. Brown was negligent, which negligence was a substantial cause of the start and spread of the fire in one or more of the following particulars:

1. In smoking cigarettes at a time and place where a fire was likely to occur;

2. In smoking cigarettes at a time and place where smoking was prohibited due to conditions;

3. In putting used cigarette butts on the ground without taking steps to prevent them from igniting flammable material;

4. In failing to properly extinguish cigarette butts once they were put on the ground;

5. For leaving a fire, the cigarette butt, without completely extinguishing it.

**COUNT 2**

**(Negligence Per SE)**

10. The United States of America re-alleges paragraphs 1 through 9.

11. Steven J. Brown violated certain rules and regulations that were intended to protect the United States of America and other situated persons in one or more of the following particulars:

1. Pursuant to 36 C.F.R § 261.50(a), the following acts were prohibited on all areas within the Wallowa Whitman National Forest in the State of Oregon, beginning August 17, 2001:

36 CFR 261.52 (d).

Smoking, except within an enclosed vehicle or building, a developed recreation site, or while stopped in an area at least three feet in diameter that is barren or cleared of all flammable material

**COUNT 3**

**(Res Ipsa Loquitur)**

12. The United States of America re-alleges paragraphs 1 through 11.

13. The only person smoking and present or near the area where the fire started and spread on September 3, 2001 was Steven J. Brown.

14. Fires do not normally start or spread in the absence of negligence. Bird Track Campground Fire started and spread by the negligence of Steven J. Brown. The United States of America did not contribute in any way to the start or spread of the fire.

WHEREFORE, the United States of America prays for judgment against Steven J. Brown, as follows:

Plaintiff prays for judgment against Defendant in the sum of:

1. Suppression costs in the amount of $25,440.67.

2. Interest as authorized by law;

3. Plaintiff's costs and disbursements incurred herein; and

4. For such other relief as may be deemed just and equitable.

DATED this 1st day of September, 2004

Respectfully submitted:

KARIN J. IMMERGUT
United States Attorney
District of Oregon

NEIL J. EVANS
Assistant United States Attorney